**Charles M. VANDEVER**

v.

**Hugh A. VORIS et al.**

**A. D. No. 125.**

United States District Court
S. D. Texas, Corpus Christi Division.
Oct. 2, 1956.

Mandell & Wright, Houston, Tex., for libellant.

Stuart Rothman, Solicitor of Labor, W. E. Boote, Asst. Solicitor, Herbert P. Miller, Department of Labor, Washington, D. C., Malcolm R. Wilkey, U. S. Atty., James E. Ross, Asst. U. S. Atty., Houston, Tex., for Deputy Commissioner Calbeck.

Royston & Rayzor, for Texas Employers Insurance Ass'n.

ALLRED, District Judge.

Appeal from a compensation order entered by former Deputy Commissioner Voris under the Longshoremen's and Harbor Workers' Compensation Act[1] which ordered the employer and its insurance carrier[2] to pay Libellant for a 40% permanent partial disability resulting from an injury to his spine sustained September 4, 1948. Libellant had suffered a previous injury to his spine in 1939, while working for another employer for which the then Deputy Commissioner awarded him 60% permanent partial disability. The order[3] appealed from, dated April 19, 1954, found that Vandever was totally and permanently disabled for work on account of the combined effects of the two injuries; that the second injury (therefore) resulted in 40% permanent loss of earning capacity; and that Libellant's wage earning capacity at the time of the injury in 1948 was $60 per week. The Deputy Commissioner ordered that $10,000, the maximum for partial permanent incapacity, be paid to Vandever.

On this appeal, Libellant asks that the Commissioner be directed to order (1) payment for total permanent disability; or (2) in the event the Deputy Commissioner was correct, that his successor,

1. 33 U.S.C.A. § 901 et seq.

2. Texas Employers' Insurance Association.

3. Reading as follows:

"Compensation Orders having been entered herein on March 22, 1949, January 18, 1950 and March 8, 1950, providing for payments of compensation for continuing total disability resulting from injury sustained by claimant herein on September 4, 1948, and from a pre-existing condition of claimant's back, and the insurance carrier having advised that the sum of $10,000.00 on account of said injury was paid as of March 8, 1954, and the question having arisen as to payments of additional compensation on and after that date under Section 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, on account of continuing total disability, the Deputy Commissioner makes the following findings of fact and award of compensation:

"It is hereby found that claimant, C. M. Vandever, is totally and permanently disabled for work on account of the combined effects of two injuries of his lumbar spine, namely, an injury sustained by him October 3, 1939, while employed by Boyd-Campbell Company, Inc. (Case No. 34–813), which resulted in permanent partial disability of 60% of claimant's earning capacity as found by the Deputy Commissioner by Order of September 11, 1941, and the said injury of September 4, 1948, which has resulted in 40% permanent loss of earning capacity; that for some six months prior to said injury of September 4, 1948, claimant had worked as a longshoreman and had earned $60.00 per week during that time and it is hereby found that his wage earning capacity was $60.00 per week at the time of said injury:

"Upon the foregoing facts, the Deputy Commissioner makes the following:

"Award

"That the employer, Richard Bugg & Company, and the insurance carrier, Texas Employers' Insurance Association, shall pay to claimant the sum of $10,000.00 as compensation due under the provisions of the Longshoremen's and Harbor Workers' Compensation Act on account of the results of injury sustained by claimant herein on September 4, 1948, all of which has been paid."

Calbeck, be ordered to make an award for total permanent incapacity and direct that it be paid out of the Special (or Second Injury) Fund provided in section 44 of the Act.[4] The present Deputy Commissioner who has been substituted for Voris as a respondent, has moved that the proceeding be remanded to him "for the reason that he * * * is of the opinion that error was made in the determination of this matter."

The entire controversy depends on an interpretation of section 8(f)[5]—dealing with subsequent injuries which increase disability—in connection with section 44—establishing the Special (or Second Injury) Fund. Section 8(f) reads as follows:

"§ 908. Compensation for disability. Compensation for disability shall be paid to the employee as follows:

\* \* \* \* \* \*

"(f) Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: *Provided, however,* That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this chapter.

"(2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury.

In determining compensation for the subsequent injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the subsequent injury."

It is clear that former Deputy Commissioner Voris held: (1) that section 8(f) was applicable; (2) that because the previous general injury of 1939 had been found to have produced 60% permanent partial disability and, since the second general injury of 1948, combined with the previous injury, produced total permanent incapacity, the employer could only be made to respond to the extent of the remaining 40%. Apparently he thought, as the insurance carrier here insists, that upon cessation of payment for the 40% injury, Vandever could and would be eligible for payment of the balance for total permanent incapacity out of the Special Fund. The insurance carrier contends that this construction is correct and in keeping with a regulation of the Bureau, reading as follows:

"§ 31.19. Compensation from special fund in cases of permanent disability. In any case in which an employee receives an injury which would of itself cause only permanent partial disability, but which when combined with disability resulting from a previous unrelated injury does in fact cause permanent total disability or disability less than permanent total so that the case would be one within the purview of section 8(f) of said act (44 Stat. 1429, 33 U.S.C. 908(f), the deputy commissioner shall in a compensation order find separately the facts relating to each injury and shall find the extent of the employee's disability resulting from each injury and shall make an award against the employer only for the results of the subsequent injury. Upon the cessation of pay-

4. 33 U.S.C.A. § 944.

5. 33 U.S.C.A. § 908(f).

ments of compensation for such disability, the case, if one involving permanent total disability, shall be transmitted to the Bureau for consideration of an award by it out of the special fund established in section 44 of said act (44 Stat. 1444, 33 U.S.C. 944). The deputy commissioner will not make an award of compensation to be paid from the special fund. Awards from the special fund will not be made in cases in which an injury increases or aggravates *disability due to disease, congenital defects or causes other than a prior injury;* in such cases the employer is liable for compensation for all of such increased or aggravated disability, and the deputy commissioner will make his award accordingly." 20 C.F.R. 31.19. (Emphasis supplied.)

The present Deputy Commissioner and the Bureau contend that section 8 (f) does not apply to *general injuries* but that it and the special fund section deal only with *injuries to specific members* of the body, such as the loss, or loss of use, of an eye, arm, leg, etc. Since these contentions present pure law questions and the present Deputy Commissioner would reverse his predecessor and adopt the second construction, from which the insurance carrier would appeal, nothing would be gained by remand, delay only would result. The motion to remand, therefore, is overruled.

Vandever is totally and permanently disabled, for which he is entitled to be paid additional compensation either by the employer or out of the Special Fund. Lawson v. Suwanee Fruit & S. S. Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611, involved a worker who previously had lost the sight of one eye in a non-compensable accident and later lost the second eye through an injury sustained in the course of his employment. The court held that the employer was liable under section 8(f) only for loss of the second eye and the remainder of the compensation for total permanent disability was payable out of the Special Fund. That case points out that the federal statute is based upon the New York law [6] and that section 8(f) is designed to encourage employment of handicapped workers. Although the only illustrations of such handicapped workers in the case are the one-eyed, one-legged, one-armed, etc., workers, the same argument could be made as to discrimination against workers handicapped by a previous injury, such as an injured back.

On its face, section 8(f) would seem to cover the facts found here by the Deputy Commissioner, i. e., Vandever received an injury, which of itself only caused 40% partial permanent incapacity but which, combined with the previous 60% injury, in fact caused permanent total disability. No case has been cited holding that 8(f) is limited to disability resulting from loss, or loss of use, of specific members.

Counsel for the Deputy Commissioner likens the situation to the many cases where a pre-existing or quiescent disease or congenital condition is aggravated by an injury. But there is no finding that Vandever's previous disability had been overcome or was quiescent. The Bureau's regulation quoted above states that awards will not be made from the special fund in cases in which an injury increases or aggravates disability due to disease, congenital defects or *causes other than a prior injury.* This indicates a prior construction that awards *would* be made from the fund where an injury aggravates disability caused by a prior injury of any kind. There is nothing in section 8(f) to indicate that it is limited to specific injuries. The previous construction placed on it by the Bureau is entitled to weight here.

The award made by former Deputy Commissioner Voris is affirmed with

6. Which, however, contains an express provision limiting payments out of the special fund to disabilities resulting from injuries to specific members.

such declaratory award or direction as may be appropriate that Libellant is entitled to an award for the balance of compensation for total permanent compensation out of the Special Fund.

The Clerk will notify counsel to submit a decree accordingly.